# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No.

WALFRE RAMOS PEREZ,
RONY RAMOS,
JOSE RODOLFO PEREZ RAMOS,
and GEOVANIS RAMOS

    Plaintiff,

vs.

NEW FORCES CONSTRUCTION LLC,
JULIO BRITO CASTILLO,
DUBYA LLC,
and CHRISTOPHER WHITE

    Defendants.
_____/

## COMPLAINT

Plaintiffs, WALFRE RAMOS PEREZ, RONY RAMOS, JOSE RODOLFO PEREZ RAMOS, and GEOVANIS RAMOS ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, NEW FORCES CONSTRUCTION LLC, JULIO BRITO CASTILLO, DUBYA LLC, and CHRISTOPHER WHITE (collectively, "Defendants"), and in support thereof avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiffs for damages exceeding $30,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Florida Minimum Wage Act.,.

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant NEW FORCES CONSTRUCTION LLC is authorized to conduct business in Lee County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant DUBYA LLC is authorized to conduct business in Lee County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Defendant JULIO BRITO CASTILLO is a corporate officer of, and exercised operational control over the activities of corporate Defendant, NEW FORCES CONSTRUCTION LLC

6. Defendant CHRISTOPHER WHITE is a corporate officer of, and exercised operational control over the activities of corporate Defendant, DUBYA LLC

7. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiffs performed work for Defendants as home remodeling laborers from 7/6/2022 to 12/1/2022.

10. Plaintiffs were compensated at a base rate of $596.00 dollars per week and, they regularly worked approximately 85 hours per week.

11. Plaintiffs are owed minimum wages and overtime as their hourly rate was $7.09 per hour and no overtime premium was ever paid to Plaintiff.

12. Plaintiffs from July 6 2022 to October 3, 2022 worked in Alabama as home remodeling laborers.

13. Following the landfall and dissipation of Hurricane Ian Plaintiffs at the behest of Defendant were told to go to Lee County Florida and to begin home remodeling work in Lee County Florida.

14. As such from October 3, 2022 to December 1, 2022 Plaintiffs worked in Lee County Florida.

15. Defendants are joint employers of Plaintiffs and also run a joint enterprise in which both corporations and officers jointly had the ability to control the Plaintiff's work, schedules, pay rates, and could hire and fire Plaintiffs.

16. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

17. Plaintiff worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

## COUNT I
*Wage & Hour Federal Statutory Violation against NEW FORCES CONSTRUCTION LLC*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

19. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

20. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

21. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

22.  By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the FLSA applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

23. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

24. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

C. Award Plaintiffs an equal amount in double damages/liquidated damages;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Wage & Hour Federal Statutory Violation against DUBYA LLC*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

27. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

30. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

31. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

F. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

G. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

H. Award Plaintiffs an equal amount in double damages/liquidated damages;

I. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Wage & Hour Federal Statutory Violation against JULIO BRITO CASTILLO*

32. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 17

of this complaint as if set out in full herein.

33. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant ITLIAN STONES INC.

34. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

35. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

36. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Wage & Hour Federal Statutory Violation against CHRISTOPHER WHITE*

37. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

38. At the times mentioned, Defendant was, and is now, a corporate officer of corporate Defendant ITLIAN STONES INC.

39. Defendant was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of Defendant employer in relation to the employees of Defendant employer, including Plaintiffs.

40. As a corporate officer, Defendant possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendant had operational control of the business and is thus jointly liable for Plaintiff's damages.

41. Defendant willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendant as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

Case 2:23-cv-00161-SPC-KCD   Document 1   Filed 03/09/23   Page 9 of 13 PageID 9

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances

## COUNT V
### *FMWA Violation against NEW FORCES CONSTRUCTION LLC*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

43. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA.

44. Defendant's business activities involve those to which the FMWA applies.

45. Plaintiff is a working Floridian entitled to the protections of the FMWA.

46. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

47. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

48. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA and FMWA apply. The Plaintiff's work for the Defendant likewise affects interstate commerce.

49. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

50. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

A. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *FMWA Violation against DUBYA LLC*

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 17 of this complaint as if set out in full herein.

52. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA.

53. Defendant's business activities involve those to which the FMWA applies.

54. Plaintiff is a working Floridian entitled to the protections of the FMWA.

55. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

56. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

57. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined

in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA and FMWA apply. The Plaintiff's work for the Defendant likewise affects interstate commerce.

58. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage in 2010 was $7.25; in 2011 was $7.31; in 2012 was $7.67; in 2013 was $7.79; in 2014 was $7.93; and in 2015 is $8.05.

59. Defendant knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

E. Adjudge and decree that Defendant has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

F. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

G. Award Plaintiff an equal amount in double damages/liquidated damages; and

H. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: March 9, 2022	Respectfully submitted,

	/s/ Elvis J. Adan
	Elvis J. Adan, Esq.
	Fla. Bar No.: 24223
	GALLARDO LAW OFFICE, P.A.
	8492 SW 8th Street
	Miami, Florida 33144
	Telephone: (305) 261-7000