UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALFRE RAMOS PEREZ, RONY RAMOS, JOSE RODOLFO PEREZ RAMOS and GEOVANIS RAMOS,

    Plaintiffs,

v.                                      Case No.:  2:23-cv-161-KCD

NEW FORCES CONSTRUCTION LLC and JULIO BRITO CASTILLO,

    Defendants.
_____/

## **ORDER**

Before the Court is Plaintiffs' Motion to Enforce Settlement Agreement and for Attorneys' Fees and Costs. (Doc. 34.) The Court held an evidentiary hearing on the motion, the record of which is incorporated by reference, and now issues this written decision.

### I. Background

Plaintiffs previously worked for Defendant New Forces Construction LLC as "home remodeling laborers." (Doc. 1 ¶ 9.) After their separation, Plaintiffs sued New Forces Construction and its owner, Defendant Julio Brito Castillo, under the Fair Labor Standards Act (FLSA). The complaint seeks past-due wages plus liquidated damages and attorneys' fees. (*See* Doc. 1.)

After a truncated discovery schedule, the parties reported they "were able to resolve the matter in full" at mediation. (Doc. 24.) The Court thus directed the parties to "file a stipulation for dismissal under Rule 41 or otherwise move the Court to approve their settlement." (Doc. 30.) Neither thing happened. Instead, defense counsel moved to withdraw. (Doc. 35.) And Plaintiffs filed the pending motion to enforce the settlement reached at mediation. Plaintiffs also request "their attorneys' fees and costs incurred in connection with the efforts to enforce the agreement." (Doc. 34 at 5.) Defendants did not respond to Plaintiffs' motion, nor did they appear at the ensuring evidentiary hearing.

## II. Legal Standards

District courts have inherent power to enforce settlement agreements. "The motion to enforce the settlement agreement essentially is an action to specifically enforce a contract." *Ford v. Citizens & S. Nat. Bank, Cartersville*, 928 F.2d 1118, 1122 (11th Cir. 1991). A claim for specific performance is an equitable action. *Id.* at 1121. As such, the district court may hold an evidentiary hearing and make factual determinations as needed. *Id.*

When interpreting and enforcing settlement agreements, this Court is bound by Florida law. *Specialty Disease Mgmt. Servs., Inc. v. Aids Healthcare Found.*, No. 3:01CV1353 J32TEM, 2003 WL 25608009, at *3 (M.D. Fla. Oct. 21, 2003). Florida applies an "objective test" to determine whether the parties

reached an enforceable contract. This test considers whether the parties externally signified an intent to be bound. *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985). "To compel enforcement of a settlement agreement, its terms must be sufficiently specific and mutually agreed upon as to every essential element." *Don L. Tullis & Assocs., Inc. v. Benge*, 473 So. 2d 1384 (Fla. Dist. Ct. App. 1985). Put another way, "there must be a meeting of the minds as to the essential settlement terms in order for settlement agreements to be enforceable." *Schlosser v. Perez*, 832 So. 2d 179, 182 (Fla. Dist. Ct. App. 2002).

"A trial court's finding that there was a meeting of the minds must be supported by competent substantial evidence." *Specialty Disease Mgmt.*, 2003 WL 25608009, at *4. "Where the contractual language is clear, courts may not indulge in construction or modification and the express terms of the settlement agreement control." *Id.*

### III. Discussion

The record here demonstrates that a settlement agreement was reached at mediation, and both parties agreed to be bound by its terms. According to Plaintiffs' evidence, which stands unrebutted, mediation ended with a bullet-point list of agreed settlement terms. Defense counsel then prepared a formal agreement that was circulated only days later. (Doc. 34-1.) According to Plaintiffs, the written agreement prepared by defense counsel reflects the settlement reached at mediation as to all material terms. Nothing is more is

3

needed to establish a valid and binding contract under Florida law. *See Hines-Ross v. Wells Fargo Bank, N.A.*, 2014 WL 12496769, at *2 (S.D. Fla. Mar. 11, 2014) (enforcing settlement agreement against a *pro se* party who failed to obtain new counsel where email communications between the parties evidenced an intent to be bound by the material terms of the agreement). Consequently, the written settlement agreement is enforceable, and Defendants must comply with its terms.

Since the settlement agreement here concerns claims under the FLSA, the Court must also review it for fairness. Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013).

There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to various factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the

4

range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Based on the parties' representations and a review of the record, the settlement appears to be a fair and reasonable compromise of a disputed claim. Plaintiffs were represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. Plaintiffs also attest that they formed the agreement knowingly and voluntarily. While denying liability, and raising the specter of several defenses, including that Plaintiffs were not employees, Defendants have agreed to pay a significant sum to settle the outstanding claims.

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Plaintiffs would risk receiving nothing. As outlined in the written settlement agreement, the parties and their counsel believe this is a reasonable compromise. The Court sees no reason to find otherwise considering the settlement followed from arms-length negotiations with a mediator. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an

5

adversary context, the settlement they reach will, almost by definition, be reasonable.").

Finally, the Court will defer ruling on Plaintiffs' request for "attorneys' fees and costs incurred in connection with the efforts to enforce the agreement." (Doc. 34 at 5.) The settlement agreement contains a fee shifting provision, which applies here under its plain terms. (Doc. 34-1.) But Plaintiffs have not submitted any of the materials needed to assess their fee request.

Accordingly, it is now **ORDERED**:

1. Plaintiffs' Motion to Enforce Settlement Agreement and for Attorneys' Fees and Costs (Doc. 34.) is **GRANTED**;

2. Defendants must make payment to Plaintiffs consistent with the terms of the written settlement agreement (Doc. 34-1);

3. Plaintiffs' request for fees and costs under the settlement is deferred until counsel submits the necessary materials;

4. All claims and counterclaims raised by the parties in this litigation are resolved by the settlement agreement and are **DISMISSED WITH PREJUDICE**;

5. At Plaintiffs' request, the Court retains jurisdiction over this matter to enforce the settlement agreement and address Plaintiffs' outstanding request for fees and costs.

**ENTERED** in Fort Myers, Florida on March 1, 2024.

Kyle C. Dudek
United States Magistrate Judge