UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WALFRE RAMOS PEREZ, RONY
RAMOS, JOSE RODOLFO PEREZ
RAMOS and GEOVANIS RAMOS,

    Plaintiffs,

v.       Case No.:   2:23-cv-161-KCD

NEW FORCES CONSTRUCTION
LLC and JULIO BRITO
CASTILLO,

    Defendants.
_____/

## **ORDER**

Plaintiffs move to recover their attorney's fees and costs incurred in enforcing the parties' settlement agreement. (Doc. 53.) The Court has already found that Plaintiffs are entitled to such relief under the settlement agreement. (Doc. 49.)[1] So the only remaining issue is whether the amount sought is "reasonable" per the settlement agreement. (Doc. 34-1 at 9.) Defendants have not responded to the pending motion, and thus the request is considered unopposed. *See* Local Rule 3.01(c).

When, as here, "a fee-shifting . . . contract triggers a court-awarded fee, the trial court is constrained [under Florida law] in setting a fee that must be

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

reasonable." *First Baptist Church of Cape Coral, Fla., Inc. v. Compass Const., Inc.*, 115 So. 3d 978, 982 (Fla. 2013).[2] Florida courts use the "lodestar method" to calculate what is a reasonable fee amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014). This "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-CV-2290-T-36MAP, 2014 WL 3887513, at *1 (M.D. Fla. Aug. 7, 2014). "The lodestar amount may then be adjusted to reach a more appropriate fee" award. *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV, 2016 WL 3944033, at *3 (S.D. Fla. Jan. 15, 2016).

The fee applicant bears the burden of proving the reasonableness of both the hourly rates requested and the time expended. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151 (Fla. 1985). To satisfy the latter requirement, "the attorney fee applicant should present records detailing the amount of work performed" and should "claim only those hours that he [or she] could properly bill to his [or her] client." *Id.* at 1150.

---

[2] The settlement agreement provides that Florida law governs. (*See* Doc. 34-1 at 9.)

2

Plaintiffs claim a lodestar of $4,100, representing work done by two attorneys—Rainier Rugueiro and Elvis Adan. (Doc. 53 at 2.)[3] The motion details their individual qualifications and experience, and also delineates the billable hours incurred by the attorneys that were reasonable and necessary for enforcing the settlement agreement. The Court agrees that the fees sought are reasonable.

Finally, Plaintiffs seek to recover the costs of the process server, the filing fee, and an interpreter who attended the evidentiary hearing. The first two are covered under 28 U.S.C. § 1920, while the latter is available through the parties' settlement agreement. Therefore, the Court will award $817.00 in costs.

Accordingly, it is now **ORDERED**:

1. Plaintiff's Motion for Attorney's Fees and to Tax Costs (Doc. 53) is granted as set forth above.

2. Plaintiffs are awarded $4,100.00 in attorney's fees and $817.00 in costs.

3. The Clerk is directed to modify the existing judgment to include $4,917.00 in attorney's fees and costs.

---

[3] Plaintiffs' motion is not paginated. The Court thus cites the page numbers generated by its electronic filing system.

**ENTERED** in Fort Myers, Florida on September 10, 2024.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record